WELLS, Judge,
dissenting.
I dissent because the reply of the Judicial Qualifications Commission does not respond to the reason the majority in In re Fletcher, 664 So.2d 934 (Fla.1995), stated that it could not act upon the Commission’s recommendation. In the previous opinion, the majority specifically pointed out that “[t]he stipulation is silent as to the most critical charges contained in the complaint — colliding with a dock while operating a boat under the influence of alcohol and lying to a Florida Marine Patrol officer when confronted.” Id. at 935. The Commission’s reply, which merely outlines what discovery and investigation the Commission undertook with regard to Judge Fletcher, does not sufficiently address these charges. Until the Commission, through either a stipulation of fact or a finding of fact, directly deals with these charges I do not believe this Court can perform its constitutionally mandated function of accepting or denying the Commission’s recommendation.
This Court has clearly acknowledged that pursuant to the Florida Constitution, the ultimate decision on the discipline of judges is the responsibility of this Court. See In re Graham, 620 So.2d 1273 (Fla.1993), cert. denied, - U.S. -, 114 S.Ct. 1186, 127 L.Ed.2d 537 (1994). We cannot fulfill this responsibility by acting upon recommendations of the Commission that do not directly address charges which have been brought against a judge. Pursuant to our constitution, which has structured a judicial disciplinary system to prosecute any wrongdoing by judges, the public has a right to have any charges of wrongdoing either found to be supported or dropped. If the charges just disappear, as in the case of the present stipulation, public confidence in judicial discipline *140 and, consequently, the judicial system diminishes. If the charges are found not to be supported by clear and convincing evidence, then the Commission should make that clear.
In sum, a negotiated stipulation which fails to deal with the charges made against a judge and which allows the judge to remain on the bench leaves open too many unanswered questions which undermine the integrity of both the judge and the judiciary. Therefore, I do not believe this Court should act upon a recommendation such as the present one, which is incomplete. Rather, I believe we should return this recommendation to the Commission again with the instruction that we can only act on a recommendation that is based upon factual determinations which deal directly with the charges that the Commission brought against Judge Fletcher.
SHAW and KOGAN, JJ., concur.